NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 2, 2020[*]
Decided November 4, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

<table>
<tr><td>

No. 20-2144

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

*v.*

SCOTT BODLEY,
    *Defendant-Appellant.*

</td><td>

Appeal from the United States District Court for the Western District of Wisconsin.

No. 13-cr-52-bbc

Barbara B. Crabb, *Judge.*

</td></tr>
</table>

**Order**

In March 2020, while confined in a federal prison, Scott Bodley asked the district court for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i). The judge denied that motion, which Bodley renewed six weeks later. The judge denied that second motion because she believed that Bodley had by then (June 2020) been transferred to a halfway

---

[*] The appellee was not served with process in the district court and has not participated in the appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

house, rendering his request moot. The record on appeal shows that this did not occur until August 14, when Bodley began his term of supervised release in a halfway house in Wisconsin because he could not find local housing on his own.

Bodley contends on appeal that the judge should have granted his original or renewed motion under §3582(c)(1)(A)(i). That motion can no longer be granted because Bodley is not in prison. (We need not consider other potential obstacles to the award of that relief.) But the district judge was wrong to say in June that Bodley's request is "moot." It would not have been moot even had Bodley then been in a halfway house, as the judge believed. Bodley still wants relief, but of a different kind: he wants the court to permit him to serve his supervised release in Louisiana, where he says that housing and a job await, rather than in Wisconsin, where the terms of his supervised release require him to stay. A judge could provide that relief, so the case is not moot even though §3582(c)(1)(A)(i) is no longer the appropriate grant of authority.

A federal judge may change the terms of a felon's supervised release at any time. 18 U.S.C. §3583(e)(2). Bodley's failure to cite the appropriate statute does not disable him from seeking judicial aid. Because the district court retains authority to grant Bodley a change in the location of his supervision—or to end the supervised release altogether, as Bodley also requests—we vacate the order dismissing the case as moot and remand for consideration on the merits.

VACATED AND REMANDED